UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ELAINE L. CHAO, <br> Secretary of Labor, <br> United States Department of Labor, <br>         Plaintiff, <br> v. <br> DIETER BRYCE, INC.; <br> JEFFREY P. SASKO; and <br> GENE C. CARTER. <br>         Defendants. | FILE NO. <br><br> 03-04-0041-22 <br><br><br><br> **ORDER AND OPINION** |

This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor (the "Secretary"), against Defendants pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132 (a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., hereinafter referred to as ERISA. Defendants Dieter Bryce, Inc. and Jeffry P. Sasko were served in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Clerk of Court, pursuant to Fed.R.Civ.P. 55(a), entered Default as to Defendants. The Plaintiff has now moved for default judgment.

WHEREFORE, it is hereby ordered, adjudged, and decreed that,

A. Plaintiff's motion for default judgment is GRANTED;

B. Defendants are hereby enjoined from violating the provisions of Title I of ERISA;

C. Defendants are hereby permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA, except as directed in this Order.

D.   Defendants shall make restitution to the Dieter Bryce, Inc. 401(k) Plan ("the Plan") in the sum of $ 61,526.66, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date of this Judgment until paid in full.  Defendant Sasko's participant interest in the Plan, if any, shall be applied as an offset against the amount that is due to the Plan under this Judgment.

E.   Defendant Sasko shall continue to act as a fiduciary and trustee only to the Plan and only until the Plan assets are distributed or a successor fiduciary is appointed as described in paragraph F, below.

F.   The Plan shall be terminated and its assets distributed as follows and in accordance with Plan provisions.

   1.   Once Defendants have restored all monies they owe to the Plan in accordance with this Order, Defendants shall distribute the Plan's cash assets to the Plan's participants and beneficiaries, excluding Defendant Sasko, as soon as possible.

   2.   Upon termination of the Plan, Defendant Sasko shall give Plaintiff, through her undersigned legal representatives, written confirmation of such within five (5) business days.

   3.   Defendant Sasko shall provide Plaintiff, through her undersigned legal representatives, an accounting of the asset distributions to the Plan participants and beneficiaries before the Plan assets are, in fact, distributed.  The accounting shall include the participants and beneficiaries' names, addresses, social security numbers, dates of employment, and the allocation amounts.

4. Until the Plan is terminated, Defendant Sasko shall fulfill his duties as Plan trustee, including responding to and processing participant requests.

5. In the event that Defendant Sasko fails to distribute all of the Plan's cash assets to the participants and beneficiaries or fulfill any of his other duties, Defendant Sasko, at the discretion of the Plaintiff, may be removed as trustee and fiduciary. Should the Plaintiff determine that it is necessary to remove Defendant Sasko, the Plaintiff shall recommend a successor fiduciary who shall be appointed by the Court upon the Plaintiff's motion.

6. In the event a successor trustee is appointed, Defendants shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

The Court, finding that there is no just reason to delay the entry of this Judgment, expressly directs the entry thereof as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 22nd day of April 2005.

       s/Cameron McGowan Currie  
       CAMERON MCGOWAN CURRIE  
       UNITED STATES DISTRICT JUDGE

C:\temp\notesB0AA3C\04-41 chao v Dieter Bryce, Inc. ausa-vlv DefaultOrder.wpd